1    HARRY I. JOHNSON, III (SBN 200257)
2    RUTH HOLT (SBN 223152)
     STANLEY G. STRINGFELLOW, II (SBN 259047)
3    **ARENT FOX LLP**
     555 West Fifth Street, 48th Floor
4    Los Angeles, CA  90013-1065
     Telephone:  213.629.7400
5    Facsimile:   213.629.7401

6    Attorneys for Defendants
     WALT DISNEY PARKS AND RESORTS
7    U.S., INC. and THE WALT DISNEY
     COMPANY

8

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

9            UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

12

13

14   KOREN RODRIGUEZ, on behalf of
     herself and all others similarly
15   situated,

16           Plaintiff,

17   v.

18   WALT DISNEY PARKS AND
     RESORTS U.S., INC. a Florida
19   corporation; THE WALT DISNEY
     COMPANY, a Delaware
20   corporation; and DOES 1 through
     50, inclusive,

21          Defendants.

22

23

24

25

26

27

28

Case No.

**SACV11-01276CJC(RNBx)**

**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**

**FILED CONCURRENTLY WITH: (1) DECLARATION OF JAMES HANFORD IN SUPPORT OF REMOVAL; (2) DECLARATION OF JOSEPH SANTANIELLO IN SUPPORT OF REMOVAL; (3) THE WALT DISNEY COMPANY'S JOINDER IN NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**

[28 U.S.C. §§ 1332, 1441, 1446 and 1453]

[Superior Court of California for the County of Orange – Case No. 30-2011-00485045-CU-OE-CXC]

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1021950.7

NOTICE OF REMOVAL

1   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2   **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO**

3   **PLAINTIFF AND HER COUNSEL OF RECORD:**

4        PLEASE TAKE NOTICE that Defendant WALT DISNEY PARKS AND RESORTS

5   U.S., INC. ("Defendant" or "WDPR") hereby removes this action from the Superior Court

6   for the State of California for the County of Orange to the United States District Court for the

7   Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1453, the Class Action

8   Fairness Act of 2005, and all other applicable bases for removal.

9                            **INTRODUCTION**

10       1.   The Complaint in this "suitable seating" class action suffers from two extremely

11   broad and distinctly fatal premises.   First, it incorrectly presumes that the Disneyland

12   Resort — one of the busiest workplaces in California — actually affords plenty of time for

13   on-duty employees to take a seat without any negative repercussions for Disney or its

14   guests.   Second, it describes a sprawling class — comprising thousands of WDPR

15   employees, working in hundreds of architecturally and functionally different locations and

16   performing equally varied jobs — but then presumes a single common answer for whether

17   all these employees' seating arrangements are lawful.   Because of the exceptionally wide

18   scope of the Complaint and its allegations, this Notice of Removal follows.

19                **PLEADINGS AND PROCEEDINGS**

20       2.   On or about June 17, 2011, Plaintiff Korin Rodriguez ("Plaintiff")[1]

21   commenced this action by filing a Class Action Complaint ("Complaint") in the

22   Superior Court of the State of California for the County of Orange entitled *Koren*

23   *Rodriguez, on behalf of herself and all others similarly situated, v. Walt Disney Parks*

24

25   [1]   As set forth in the Declaration of James Hanford ("Hanford Decl.") filed concurrently herewith, Plaintiff's name is misspelled in the Complaint as Koren Rodriguez.  No

26   person by the name of "Koren Rodriguez" has been employed at Disneyland Park, Disney California Adventure, Disneyland Hotel, Disneyland Grand Californian Hotel &

27   Spa, or Disney's Paradise Pier Hotel (collectively "Disneyland Resort") at any time since 2008.  Hanford Decl., ¶ 6.  However, an individual by the name of "Korin

28   Rodriguez" commenced employment at Disneyland Park in October 2008, consistent with the allegation contained in Paragraph 7 of the Complaint, most recently working in the job title Outdoor Vending Hostess.  *Id.*

1  *and Resorts U.S., Inc., a Florida Corporation; The Walt Disney Company, a Delaware*

2  *Corporation; and DOES 1-10, inclusive*, designated as Case No. 30-2011-00485045-

3  CU-OE-CXC ("the "State Court Action").  The Complaint alleges the following two

4  purported causes of action:  (1) Violation of the Private Attorneys General Act of 2004

5  (Cal. Labor Code §§ 2698 *et seq.*) ("PAGA"), and (2) Failure to Provide Suitable

6  Seating (Cal. Labor Code § 1198).

7      3.   On July 26, 2011, WDPR was served with the following documents in the

8  State Court Action, true and correct copies of which are attached as Exhibits hereto as

9  follows:  Exhibit A:  Class Action Complaint; Exhibit B:  Summons; Exhibit C:  Civil

10  Case Cover Sheet, Notice re:  Bookmarking of Exhibits on Electronically Filed

11  Documents, and Alternative Dispute Resolution (ADR) Information Package.

12      4.   On August 24, 2011, WDPR filed an Answer to the Class Action Complaint

13  with the Superior Court of the State of California for the County of Orange.  A true and

14  correct copy of the Answer is attached as Exhibit D hereto.  Defendant The Walt Disney

15  Company also filed an Answer to the Class Action Complaint on August 24, 2011.  A

16  true and correct copy of The Walt Disney Company's Answer to Class Action

17  Complaint is attached hereto as Exhibit E.

18      5.   Exhibits A through E constitute all pleadings, process and orders served on or

19  by Defendant in this action.

20      6.   In accordance with 28 U.S.C. § 1446(d), Defendant promptly will provide

21  written notice of removal of the State Court Action to Plaintiff, and promptly will file a

22  copy of this Notice of Removal with the Clerk of the Orange County Superior Court.

23      7.   Plaintiff filed this case in the Superior Court of California, County of Orange.

24  Therefore, this case may properly be removed to the Southern Division of the Central

25  District of California.  28 U.S.C. § 1441(a).

26      **THE WALT DISNEY COMPANY CONSENTS TO REMOVAL**

27      8.   As explained in Paragraphs 15 through 20 below, The Walt Disney Company

28  is a "sham" defendant, and has been fraudulently joined in this litigation. Although

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1021950.7

- 2 -

NOTICE OF REMOVAL

1  sham defendants can be ignored for purposes of removal (*see Farias v. Bexar County*
2  *Bd. of Trustees for Mental Health* 925 F.2d 866, 871(5th Cir. 1991)), The Walt Disney
3  Company nonetheless consents to and joins in removal of this action. *See* The Walt
4  Disney Company's Joinder In Notice Of Removal, filed concurrently herewith.

5                          **REMOVAL IS TIMELY**

6       9.  WDPR and The Walt Disney Company were both served with the Summons
7  and Class Action Complaint in the State Court Action on July 26, 2011. *See* Hanford
8  Decl., ¶ 2; Declaration of Joseph Santaniello ("Santaniello Decl."), ¶ 4, filed
9  concurrently herewith. Thus, this Notice of Removal is filed with this Court within 30
10  days of service of Plaintiff's Complaint, and is timely under 28 U.S.C. § 1446(b).

11                        **REMOVAL JURISDICTION**

12       10. Under the Class Action Fairness Act of 2005 ("CAFA") a putative class action
13  is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a
14  different state from any defendant; (b) the amount in controversy exceeds $5 million,
15  exclusive of interest and costs; and (c) the proposed class members number at least 100.
16  *See* 28 U.S.C. § 1332(d). Each of these requirements is met in this action, and
17  therefore, Defendant may properly remove the Class Action Complaint on the basis of
18  diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) and/or 28
19  U.S.C. section 1332(d)(2).

20                **The Citizenship Of The Parties Is Diverse**

21       11. Plaintiff is now, and was at the time this action was commenced, a citizen of
22  the State of California within the meaning of 28 U.S.C. section 1332(d)(2)(A), because
23  at all material times her place of residence and domicile is and was within the State of
24  California. *See* Compl., ¶ 7; Hanford Decl., ¶ 6. Plaintiff's employment records show
25  her home address in Anaheim, Orange County, California, and that she worked for
26  Defendant WDPR in Orange County, was paid wages in Orange County and had
27  California taxes withheld from her pay. Hanford Decl., ¶ 6. Therefore, Plaintiff is a
28  citizen of California.

1    12. Defendant WDPR is now, and was at the time this action was commenced, a

2  citizen of the State of Florida within the meaning of 28 U.S.C. section 1332(c)(1),

3  because it is now and was at all material times incorporated under the laws of the State

4  of Florida and maintains, and at all material times maintained, its principal place of

5  business in the State of Florida. *See* Hanford Decl., ¶ 3; *see also* Compl. ¶ 8 (same).

6  WDPR's corporate headquarters and its principal corporate offices are located in Lake

7  Buena Vista, Florida. Hanford Decl., ¶ 3. In addition, the majority of WDPR's

8  employees and operations are located in Florida. *Id.*

9    13. Defendant need only establish that this putative class action lawsuit involves

10  one defendant that is a citizen of a different state than one member of the putative class

11  of plaintiffs. 28 U.S.C. § 1332(d)(2)(A) (minimal diversity under CAFA is satisfied if

12  "any member of a class of plaintiffs is a citizen of a State different from *any*

13  defendant") (emphasis added). Therefore, the diversity of citizenship between Plaintiff

14  (California) and Defendant WDPR (Florida) by itself, irrespective of the citizenship of

15  any other party, establishes a sufficient basis for removal of this action under CAFA.

16    14. However, complete diversity exists in this litigation. First, the presence of

17  "Doe" defendants has no bearing on diversity on removal. *See* 28 U.S.C. § 1441(a)

18  ("For purposes of removal under this Chapter, the citizenship of the defendants sued

19  under a fictitious name shall be disregarded.").

20    15. Second, although defendant The Walt Disney Company has its principal place

21  of business in Burbank, California, its residency is irrelevant for purposes of diversity

22  jurisdiction because it is a "sham" defendant and cannot be held liable for the claims

23  alleged in the Complaint.

24    16. Plaintiff alleges that she was employed by both WDPR and The Walt Disney

25  Company. Compl. ¶¶ 6-9. She seeks, on her own behalf and on behalf of a class of

26  similarly situated others, recovery of penalties under PAGA for defendants' alleged

27  violation of the "suitable seating" provisions contained in California Industrial Welfare

28  Commission Order ("IWC") No. 7-2001. Compl. ¶¶ 11-22. Specifically, Plaintiff

1   alleges that defendants failed to provide "suitable seating" to employees who work at

2   Disneyland Park, Disney California Adventure, Disneyland Hotel, Disneyland

3   Californian Hotel & Spa, and Disney's Paradise Pier Hotel.   Compl., ¶¶ 8, 9, 15, 17-19.

4        17.  However, the IWC definition of employer does not create joint liability for

5   multiple entities except in "situations in which multiple entities control different aspects

6   of the employment relationship, as when one entity, which hires and pays workers, places

7   them with other entities that supervise the work." *Martinez v. Combs*, 49 Cal. 4th 35, 59

8   (2010).   Further, under PAGA, only "aggrieved employee[s]," defined as "any person

9   who was **employed by** the alleged violator and against whom one or more of the alleged

10  violations was committed," are authorized to bring a civil action against their employers

11  to recover civil penalties.   Cal. Lab. Code § 2699(c) (emphasis added).   Thus, Plaintiff

12  has standing to bring a PAGA claim only against her current or former employer.

13       18.  At all material times, Defendant WDPR was Plaintiff's employer and controlled

14  the terms and conditions of her employment at Disneyland Park.   Hanford Decl., ¶ 6.

15  Specifically, WDPR was responsible for hiring Plaintiff, determining and paying her

16  wages, assigning her work location, and scheduling and supervising her work.   *Id.*

17       19.  The Walt Disney Company cannot be liable for the alleged violations because The

18  Walt Disney Company is not, nor was it at any relevant time, Plaintiff's employer.

19  Santaniello Decl., ¶ 7.   The Walt Disney Company is a holding company and is the ultimate

20  parent company of WDPR.   *Id.*, ¶¶ 3, 5.   "[T]here is a strong presumption that a parent

21  company is not the employer of its subsidiary's employees." *Laird v. Capital Cities/ABC,*

22  *Inc.*, 68 Cal. App. 4th 727, 737 (1998), *disapproved on other grounds by Reid v. Google,*

23  *Inc.*, 50 Cal. 4th 512, 524-26 (2010).   Apart from generic allegations in Paragraph 6 of

24  Plaintiff's Complaint, Plaintiff has no factual basis to support liability against The Walt

25  Disney Company in this Action, nor could she in good faith allege such liability.[2]

26  _____

27  [2]  During the relevant time period, The Walt Disney Company has never owned, operated, leased, managed or maintained the Disneyland Resort, which includes Disneyland, and has never hired, supervised, set the terms or conditions of employment,

28  paid, or had possession of, or maintained, employee or payroll records for, individuals who work in the Disneyland Food and Beverage Department.   Santaniello Decl., ¶ 7.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1021950.7

- 5 -

NOTICE OF REMOVAL

1    20. Because Plaintiff has not stated a cognizable claim against The Walt Disney

2  Company, joinder of The Walt Disney Company as a defendant in this action was

3  fraudulent, and the Court should disregard its place of residence for purposes of

4  determining this Court's jurisdiction. *See e.g., McCabe v. Gen. Foods Corp.*, 811 F.2d

5  1336, 1339 (9th Cir. 1987) (joinder of third-party defendants did not destroy diversity

6  where employee failed to state a cause of action under California law against them).

7    21. Thus, although diversity jurisdiction under CAFA can be established by

8  minimal diversity, WDPR has demonstrated that complete diversity exists.

9              **The Amount In Controversy Exceeds $5 Million**

10    22. Under CAFA, the claims of individual class members are aggregated to

11  determine if the amount in controversy exceeds $5,000,000.   28 U.S.C. § 1332(d)(6).

12  The amount in controversy includes claims for civil penalties and, if recoverable by

13  statute, attorneys' fees.  *See e.g., Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d

14  1004, 1009 (N.D. Cal. 2002) (holding civil penalty properly included in the amount in

15  controversy); *Saulic v. Symantec Corp.*, SA CV 07-610 AHS (PLAx), 2007 WL

16  5074883, at *8 (C.D. Cal. Dec. 26, 2007) (considering the maximum civil penalty

17  identified in the statute for purposes of determining the amount in controversy under

18  CAFA); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for

19  statutory attorneys' fees are included in amount in controversy).

20    23. In measuring the amount in controversy, a court must assume that the

21  allegations of the complaint are true and that a jury will return a verdict for the plaintiff

22  on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean*

23  *Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what

24  amount is placed "in controversy" by the plaintiff's complaint, not what a defendant will

25  *actually* owe. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal.

26

27

28  Further, The Walt Disney Company maintains its books and records separate and apart
from, and does not jointly own assets or liabilities with, WDPR. *Id.*, ¶ 5.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1021950.7

- 6 -                        NOTICE OF REMOVAL

1    2005); *see also Scherer v. Equitable Life Assurance Society of the United States,* 347

2    F.3d 394, 399 (2d Cir. 2003).

3         24. Plaintiff alleges that she is entitled to recover "[c]ivil penalties under the

4    Private Attorneys General Act in an amount in excess of $100,000 and subject to proof

5    at trial."[3] Compl. at 6:8-9. Where, as here, the Complaint does not allege a specific

6    amount in controversy, the removing party must show by a preponderance of the

7    evidence that the amount in controversy meets the jurisdictional threshold. *Lewis v.*

8    *Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010). However, a removing

9    defendant is **not** required to concede liability to establish the jurisdictional amount. *Id.*

10   Though Defendant concedes no liability on Plaintiff's claims, Plaintiff's Complaint

11   places in controversy a sum greater than $5,000,000.

12        25. Plaintiff alleges that Defendants had a "policy of failing to provide Plaintiff

13   and Class Members with suitable seating" and that "she and similarly situated Class

14   Members were employed in positions that required standing . . . and Defendants failed

15   to make suitable seats available within reasonable proximity to Plaintiff's and Class

16   Members' respective work areas." Compl., ¶¶ 17-19.

17        26. Plaintiff's proposed class of aggrieved employees consists of "**All persons,**

18   including **but not limited to** current and former cashiers, retail sales clerks, attractions

19   clerks, merchandise clerks, food operations clerks, or costuming clerks, **who during the**

20   **applicable statute of limitations were working in standing positions and were not**

21   **provided with a seat,** within the State of California for DISNEY at Disneyland Park,

22   Disney California Adventure, Disneyland Hotel, Disneyland Grand Californian Hotel &

23   Spa, and Disney's Paradise Pier Hotel." Compl. ¶ 15 (emphasis added).

24        27. PAGA provides for penalties consisting of $100 for each employee per pay

25   period for an initial violation, and $200 for each employee per pay period for each

26   subsequent violation. *See* Cal. Labor Code § 2699(f)(2). Courts have assumed a 100%

27   _____

28   [3] Notably, if Plaintiff had chosen to bring her PAGA action solely as a private attorney
     general, and not as a class action, the amount in controversy would be established based
     solely on the allegations in the Complaint under 28 U.S.C. section 1332(a).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES          TECH/1021950.7

                                        - 7 -                    NOTICE OF REMOVAL

1  violation rate in calculating the amount in controversy for purposes of removal when the

2  complaint does not allege a more precise calculation. *See, e.g., Korn v. Polo Ralph*

3  *Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Muniz v. Pilot Travel*

4  *Centers LLC*, No. Civ. S-07-0325, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007)

5  (holding amount in controversy may be based on a 100% violation rate where "plaintiff

6  includes no fact-specific allegations that would result in a . . . violation rate that is

7  discernibly smaller than 100%"). The statute of limitations applicable to claims brought

8  to recover penalties under PAGA is one year. Cal. Civ. Proc. Code § 340(a); *see also*

9  *Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007).

10      28. Assuming, as the Court must, that Plaintiff's allegations are true, Defendant's

11  alleged "policy" of "failing to make suitable seats" available within reasonable proximity

12  to the work areas of employees whose jobs required standing gives rise to a civil penalty

13  under PAGA for each pay period that any employee worked in such a position. Cal. Lab.

14  Code § 2699(f)(2). And, on its face, Plaintiffs' allegation indicates that employees who

15  worked in such positions experienced a violation during every shift worked.

16      29. Applying Plaintiffs' allegations to the facts of this case, the amount in

17  controversy is easily satisfied. During the one year period preceding the filing of the

18. Complaint to the present, WDPR employed more than 21,500 current and former

19  employees at the Disneyland Resort, which includes Disneyland Park, Disney California

20  Adventure, Disneyland Hotel, Disneyland Grand Californian Hotel & Spa or Disney's

21  Paradise Pier Hotel. Hanford Decl., ¶ 7. These 21,500-plus employees were

22  responsible for creating a positive experience for the millions of guests who visit the

23  Disneyland Resort each year.

24      30. Although Plaintiff seeks to represent "all" Disneyland Resort employees who

25  worked in "standing positions" and were "not provided a seat," the amount in

26  controversy is established by reference to mere subsets of two (2) of the six (6) groups

27  of employees Plaintiff actually identifies in her Complaint. For example, considering

28  only those individuals who, during the relevant time period, worked at Disney

1  California Adventure ("DCA") as "attractions clerks," as Defendant understands this

2  term, places more than $4 million in controversy (without even considering their

3  Disneyland Park counterparts).  During the relevant period, hundreds of WDPR

4  employees worked at DCA as Attractions Hosts or Hostesses.  Hanford Decl., ¶ 9.

5  From July 3, 2010 to July 2, 2011, these individuals actually worked a combined total of

6  41,410 pay periods in Attractions Host/Hostess job titles and/or job functions that

7  required some standing and did not have a specifically dedicated seat.  Id., ¶ 9.  Even

8  assuming each pay period violation is considered an "initial violation," more than $4.14

9  million is placed in controversy:

10       $100 [amount of penalty per pay period for the initial violation] ×

11       41,410 [pay periods with a violation] = **$4,141,000.**

12       31.  The jurisdictional amount is satisfied by adding to this $4.14 million figure the

13  amount placed in controversy by a *subset* of the "food operations clerks," as Defendant

14  understands this term, that Plaintiff purports to represent.  Indeed, just looking at the

15  *subset* of Food and Beverage Services employees who, like Plaintiff, worked in Outdoor

16  Vending at Disneyland Park, places an additional $1.14 million in controversy.  During

17  the relevant period, hundreds of employees (including Plaintiff) worked at Disneyland

18  Park as an Outdoor Vending Host or Hostess in the Food and Beverage Services

19  Department.  Id., ¶ 11.  From July 3, 2010 to July 2, 2011, these individuals actually

20  worked a combined total of 11,465 pay periods in Outdoor Vending Host/Hostess job

21  titles and/or job functions that required some standing and did not have a specifically

22  dedicated seat, placing an additional $1.14 million in controversy:

23       $100 [amount of penalty per pay period for the initial violation] ×

24       11,465 [pay periods with a violation] =  **$1,146,500.**

25  Id., ¶ 11.

26       32.  Thus, even without considering the amount placed in controversy by the

27  alleged "suitable seating" violations experienced by employees who worked as "retail

28  sales clerks," "merchandise clerks," "costuming clerks," or any of the *other* Disneyland

1  Resort employees Plaintiff seeks to represent,[4] the Complaint places more than $5.28

2  million in controversy [$4,141,000 + $1,146,500 = **$5,287,500**].

3     33. Although the foregoing alone establishes by a preponderance of the evidence

4  that the amount in controversy exceeds $5 million, Plaintiff also seeks recovery of

5  statutory attorneys' fees, which necessarily increases the amount in controversy.

6  Compl. at 6:12; *see Galt G/S*, 142 F.3d at 1155-56.

7              **The Number of Putative Class Members Far Exceeds 100**

8     34. Defendant has identified more than 100 current and former employees who

9  fall within the class of employees Plaintiff seeks to represent, because they worked in

10  job titles that required some standing and did not have a specifically dedicated seat. *See*

11  Paras. 30-32, *supra*.  In fact, hundreds of putative class members identified by

12  Defendant worked in the same job title at the same theme park as Plaintiff during the

13  relevant time period.

14     35. Because minimal diversity exists, the amount in controversy exceeds

15  $5,000,000, and the number of putative class members exceeds 100, this Court has

16  original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).

17       WHEREFORE, Defendant removes the above-entitled action now pending in the

18  Superior Court for the State of California for the County of Orange to this Court.

19

20  Dated:     August 25, 2011        **ARENT FOX LLP**

21

22                                    By: _____

23                                    HARRY I. JOHNSON, III
                                      RUTH HOLT

24                                    Attorneys for Defendants
                                      WALT DISNEY PARKS AND RESORTS

25                                    U.S., INC. and THE WALT DISNEY
                                      COMPANY

26

27  ⁴  Such as those who worked as "attractions clerks" at Disneyland Park, Outdoor
    Vending Hosts and Hostesses at Disney California Adventure, and those who worked as

28  "food operations clerks" in non-Outdoor Vending Food and Beverage Service job titles,
    including those who worked at Disneyland Resort restaurants.

# EXHIBIT A

1 | Christopher J. Hamner, Esq. (SBN 197117)
2 | Benjamin Cohen, Esq. (SBN 218048)
  | Thu-Huong Duong, Esq. (SBN 237189)
3 | **HAMNER LAW OFFICES, LP**
  | 555 W. 5th Street, 31st Floor
4 | Los Angeles, California 90013
  | Telephone:     (213) 533-4160
5 | Facsimile:     (213) 533-4167
  | chamner@hamnerlaw.com
6 |
7 | Attorney for Plaintiff, KOREN RODRIGUEZ, on behalf
  | of herself and all others similarly situated.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/17/2011** at 03:32:27 PM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER

Judge Kim G. Dunning

KOREN RODRIGUEZ, on behalf of herself and all others similarly situated,

Plaintiff,

v.

WALT DISNEY PARKS AND RESORTS U.S., INC. a Florida corporation; THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.:   30-2011-00485045-CU-OE-CXC

Assigned for all purposes to:

**CLASS ACTION COMPLAINT FOR:**

1. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LABOR CODE §§2698 et seq.); and**
2. **FAILURE TO PROVIDE SUITABLE SEATING (CAL. LABOR CODE §1198)**

**DEMAND FOR JURY TRIAL**

Plaintiff, KOREN RODRIGUEZ, hereby states and alleges as follows:

## GENERAL ALLEGATIONS

1.     The Superior Court of the State of California for the County of Orange has jurisdiction in this matter as a result of Defendants' violations of the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §2698, et seq. and California

1

CLASS ACTION COMPLAINT

1   Industrial Welfare Commission's Order No. 7-2001 Regulating Wages, Hours and Working

2   Conditions in the Mercantile Industry ("IWC Wage Order 7-2001").

3       2.      The Superior Court of the State of California for the County of Orange is the

4   proper filing court because Defendants do business in the County of Orange, Defendants'

5   obligations and liabilities arise therein, and because work that was performed by Plaintiff in the

6   County of Orange is the subject of this action.

7       3.      This complaint contains causes of action brought pursuant to Labor Code §§2698

8   *et seq.* which allows Plaintiff to sue on behalf of the State of California Labor and Workforce

9   Development Agency ("LWDA") as a Private Attorney General. Pursuant to Labor Code

10  §2699(i), 75% of any penalties recovered under this type of action will be paid to the LWDA,

11  with the Plaintiff receiving the remaining 25%.

12

13      4.      PAGA causes of action do not require class certification.

14

15      5.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,

16  who therefore sues the DOE Defendants by such fictitious names. Plaintiff will amend this

17  Complaint to show their true names and capacities if and when they have been ascertained.

18  Plaintiff is informed and believes, and hereon alleges, that some such DOE defendants are

19  residents of California.

20      6.      Plaintiff is informed and believes that Defendants, each and all of them, at all

21  times material hereto, were the joint employers, parent companies, successor companies,

22  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

23  fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. At all

24  times material hereto, the Defendants, unless otherwise alleged, performed all acts and omissions

25  alleged herein within the course and scope of said relationship, and are a proximate cause of

26  Plaintiff's damages as herein alleged.

27

2

CLASS ACTION COMPLAINT

## PARTIES

7.      Plaintiff KOREN RODRIGUEZ ("RODRIGUEZ") is an individual residing in Anaheim, California, who began employment with Defendant commencing October 17, 2008 to the present.

8.      Defendant WALT DISNEY PARKS AND RESORTS U.S. INC., a Florida corporation, is a corporation duly organized and existing under the laws of the State of Florida with a principal place of business in Lake Buena Vista, Florida. WALT DISNEY PARKS AND RESORTS U.S. INC. is qualified with the California Secretary of State to do business and is doing business as Disneyland Park, Disney California Adventure, Disneyland Hotel, Disneyland Grand Californian Hotel & Spa, and Disney's Paradise Pier Hotel in Anaheim, California, in the County of Orange, State of California.

9.      Defendant THE WALT DISNEY COMPANY, a Delaware corporation, is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business in Burbank, California. THE WALT DISNEY COMPANY is qualified with the California Secretary of State to do business and is doing business in Burbank, California, in the County of Los Angeles, State of California.  Defendants WALT DISNEY PARKS AND RESORTS U.S. INC. and THE WALT DISNEY COMPANY are collectively referred to as "Defendants" or "DISNEY."

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

10.      Pursuant to California Labor Code §§2698 *et seq.*, the Private Attorneys General Act of 2004 ("PAGA"), Plaintiff is entitled to recover civil penalties on behalf of herself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

//

//

11.   Plaintiff is pursuing civil penalties for violations of California Labor Code Section 1198. These sections are listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

12.   Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint. She brings the PAGA causes of action for violations on behalf of all AGGRIEVED EMPLOYEES, as defined below.

13.   Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked June 16, 2011.

14.   California Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

15.   The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All persons, including but not limited to current and former cashiers, retail sales clerks, attractions clerks, merchandise clerks, food operations clerks, or costuming clerks, who during the applicable statute of limitations were working in standing positions and were not provided with a seat, within the State of California for DISNEY at Disneyland Park, Disney California Adventure, Disneyland Hotel, Disneyland Grand Californian Hotel & Spa, and Disney's Paradise Pier Hotel.

## FIRST CAUSE OF ACTION
### CIVIL PENALTIES FOR FAILURE TO PROVIDE SUITABLE SEATING
#### *(CAL. LABOR CODE §1198)*

16.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

4

CLASS ACTION COMPLAINT

17.     Plaintiff alleges that she and similarly situated Class Members were employed in positions that required standing, such as cashiering and food operations, among other positions, and Defendants failed to make suitable seats available within reasonable proximity to Plaintiff's and Class Members' respective work areas. Plaintiff's and Class Members' shifts often lasted over eight (8) hours, with no reprieve or ability to comfortably sit and rest.

18.     On information and belief, Plaintiff alleges that Defendants' policy of failing to provide Plaintiff and Class Members with suitable seating violated California law pursuant to California Industrial Welfare Commission Order No. 7-2001 ("IWC Wage Order 7-2001"), specifically, Section 14, which provides:

>   (A)     All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
>
>   (B)     When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

19.     Defendants' policy of not providing suitable and adequate seating for standing positions was intentional and willful.   Defendants unlawfully violated the provisions of Section 14 of the applicable IWC Wage Order because the seating provision would not in any way interfere with the performance of the respective duties of Plaintiff and Class Members.

20.     On information and belief, Plaintiff alleges that Defendants could have but did not audit its policy or take any reasonable measures to ensure compliance with California law.

21.     On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Section 14 of the applicable IWC Wage Order, in violation of California Labor Code § 1198.

22.     At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

23.     California Labor Code § 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

24.     WHEREFORE, Plaintiff and each Class Member she seeks to represent request relief as described herein and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.  Civil penalties under the Private Attorneys General Act in an amount in excess of $100,000 and subject to proof at trial;

2.  Costs of suit;

3.  Attorneys' fees; and

4.  For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated:  June 17, 2011                    HAMNER LAW OFFICES, LP


By
CHRISTOPHER J. HAMNER, attorney for
Plaintiff KOREN RODRIGUEZ on behalf of
herself and all others similarly situated

6
CLASS ACTION COMPLAINT

**EXHIBIT B**

*WDPR US, INC.*          *07/26/11*          *9:47 AM*

SUM-100

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALT DISNEY PARKS AND RESORTS U.S., INC. a Florida
corporation; [See Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KOREN RODRIGUEZ, on behalf of herself and all others similarly
situated,

> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of Orange
>
> **06/17/2011** at 03:32:27 PM
> Clerk of the Superior Court
> By Maarit H Nordman,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County-Civil Complex Center<br>751 W. Santa Ana Blvd.<br>Santa Ana, California 92702 | CASE NUMBER:<br>*(Número del Caso):* 30-2011-00485045-CU-OE-CXC<br><br>Judge Kim G. Dunning |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Hamner, Esq. Hamner Law Offices, LP, 555 W. 5th St., 31st Fl., LA, CA 90013, (213)533-4160

| DATE:<br>*(Fecha)* 06/17/2011   ALAN CARLSON, Clerk of the Court | Clerk, by   *(Secretario)* _Mew? Neutler_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*         Maarit H Nordman

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WALT DISNEY PARKS AND RESORTS U.S. INC., A FLORIDA CORPORATION

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Ex. B – Page 17

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rodriguez v. Walt Disney Parks and Resorts US, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Ex. B – Page 18

**EXHIBIT C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher J. Hamner, Esq. (SBN 197117)<br>HAMNER LAW OFFICES, LP<br>555 W. 5th Street, 31st Floor<br>Los Angeles, California 90013<br>TELEPHONE NO.: (213)533-4160     FAX NO.: (213)533-4167<br>ATTORNEY FOR (Name): Plaintiff, Koren Rodriguez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**06/17/2011** at 03:32:27 PM<br>Clerk of the Superior Court<br>By Maarit H Nordman,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Civil Complex Center

| CASE NAME:<br>Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2011-00485045-CU-OE-CXC |
| | | JUDGE Judge Kim G. Dunning<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Two (2)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 17, 2011
Christopher J. Hamner
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



# Superior Court of California
# County of Orange

**CIVIL MANAGEMENT**

CIVIL OPERATIONS
(657) 622-5300

January 14, 2011

## NOTICE RE: BOOKMARKING OF EXHIBITS ON ELECTRONICALLY FILED DOCUMENTS

Effective March 1, 2011, all electronically filed law and motion documents must have all exhibits bookmarked. Law and motion documents submitted on and after March 1 that are not bookmarked will be returned to the submitting party for correction.

Bookmarking electronic documents complies with California Rules of Court, rule 3.1110 (f).

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. January 2010)

Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**   A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**   When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**   In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**   ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**   In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**   Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**   If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                          Page 2 of 4

Ex. C – Page 23

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 (Rev. January 2010)

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

              _____    _____
              (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

              _____    _____
              (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                 California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

# EXHIBIT D

1   HARRY I. JOHNSON, III  (SBN 200257)
    RUTH HOLT  (SBN 223152)
2   STANLEY G. STRINGFELLOW, II  (SBN 259047)
    **ARENT FOX LLP**
3   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
4   Telephone:      213.629.7400
    Facsimile:      213.629.7401
5   Email:          johnson.harry@arentfox.com

6   Attorneys for Defendants
    WALT DISNEY PARKS AND RESORTS U.S.,
7   INC. and THE WALT DISNEY COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**08/24/2011** at 01:02:00 PM

Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| KOREN RODRIGUEZ, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALT DISNEY PARKS AND RESORTS U.S., INC. a Florida corporation; THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 50, <br><br> Defendants. | CASE NO.  30-2011-00485045-CU-OE-CXC <br><br> Assigned for all purposes to: <br> Hon. Kim G. Dunning <br><br> **WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO CLASS ACTION COMPLAINT** <br><br> Complaint Filed:  June 17, 2011 |

TECH/1022503.1

ANSWER TO CLASS ACTION COMPLAINT

Ex. D - Page 27

1  Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant") submits the following

2  Answer to Plaintiff Koren Rodriguez's ("Plaintiff") unverified Class Action Complaint

3  ("Complaint").

### GENERAL DENIAL

5  Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

6  Defendant generally denies each and all of the allegations of the Complaint, and every purported

7  cause of action alleged therein.  Defendant further denies that Plaintiff or any of the putative class

8  members have suffered any damages or injuries whatsoever as a result of Defendant's conduct.

### SEPARATE AND AFFIRMATIVE DEFENSES

10  By way of separate and affirmative defenses to the Complaint, and each and every cause

11  of action alleged by Plaintiff therein, Defendant alleges as follows.  By alleging the defenses

12  below, Defendant in no way agrees or concedes that it bears the burden of proof or persuasion on

13  any of these issues:

### FIRST SEPARATE OR AFFIRMATIVE DEFENSE

15  The Complaint and each and every purported cause of action contained therein fails to

16  state facts sufficient to constitute any cause of action against Defendant.

### SECOND SEPARATE OR AFFIRMATIVE DEFENSE

18  Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable

19  statutes of limitations, including, without limitation, California Code of Civil Procedure sections

20  338(a) and 340.

### THIRD SEPARATE OR AFFIRMATIVE DEFENSE

22  Plaintiff's Complaint, and each and every cause of action alleged therein, are barred

23  because Plaintiff did not timely exhaust the administrative prerequisites to filing such claims

24  and/or otherwise failed to comply with all the statutory prerequisites to bring such claims. *E.g.*,

25  Cal. Lab. Code §§ 2699, 2699.3, 2699.5.

### FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

27  Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by

28  the doctrine of estoppel.

- 1 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1022503.1

ANSWER TO CLASS ACTION COMPLAINT

Ex. D – Page 28

## FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of waiver.

## SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of laches.

## SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of unclean hands.

## EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue the claims and causes of action asserted in the Complaint, on behalf of herself or others.

## NINTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims for penalties are foreclosed by virtue of Defendant's good faith, reasonable belief that it was acting in accordance with the law and that it was not in violation of any California or federal law.

## TENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims for penalties are foreclosed because the alleged conduct of which Plaintiff complains, if committed, was not willful or malicious, but rather, was done in good faith, honestly, and in the exercise of Defendant's good faith business judgment.

## ELEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by the doctrine of avoidable consequences.

## TWELFTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of consent.

## THIRTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of accord and satisfaction.

- 2 -

1
## FOURTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

2   Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by

3   the doctrine of res judicata.

4
## FIFTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

5   Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by

6   the doctrine of collateral estoppel.

7
## SIXTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

8   To the extent that Plaintiff and/or those she purports to represent are entitled to damages

9   or penalties, Defendant is entitled to a set-off for damage to Defendant by their wrongful acts and

10   breaches of contract and duty, or for any payments, compensation or other benefit paid to or

11   received by them from any source.

12
## SEVENTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

13   As to all of Plaintiff's claims and causes of action, a class or representative action would

14   violate Defendant's rights to due process, including but not limited to the Due Process Clause of

15   the Fifth Amendment, and Section 1 of the Fourteenth Amendment of the U.S. Constitution and

16   the Due Process Clause of Section 1 of Article I of the California Constitution, by depriving

17   Defendant of its right to trial by jury as to the individual claims of the putative class of "aggrieved

18   employees".

19
## EIGHTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

20   The Complaint, and each and every cause of action alleged therein, are barred to the

21   extent that Plaintiff, or any person she purports to represent, is covered by any settlement

22   agreement and/or release related to any claim asserted in this action.

23
## NINETEENTH SEPARATE OR AFFIRMATIVE DEFENSE

24   Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by

25   the doctrine of unjust enrichment.

26
## TWENTIETH SEPARATE OR AFFIRMATIVE DEFENSE

27   To the extent that Plaintiff and/or those persons she purports to represent have agreed to

28   arbitrate the claims alleged in the Complaint, the Complaint violates that agreement and should be

1  dismissed and/or stayed and Plaintiff and/or those persons she seeks to represent should be

2  compelled to arbitrate those claims.

### TWENTY-FIRST SEPARATE OR AFFIRMATIVE DEFENSE

4  Plaintiff's Complaint, and each and every cause of action alleged therein, are barred to the

5  extent Plaintiff violated Defendant's policies and procedures.

### TWENTY-SECOND SEPARATE OR AFFIRMATIVE DEFENSE

7  Plaintiff's request to bring this matter as a class or representative action should be denied

8  because representative status is inappropriate due to conflicts of interest between Plaintiff and the

9  persons she purports to represent.

### TWENTY-THIRD SEPARATE OR AFFIRMATIVE DEFENSE

11  Plaintiff's request to bring this matter as a class or representative action should be denied

12  because Plaintiff's claims are not typical of the claims of the persons she purports to represent.

### TWENTY-FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

14  Plaintiff is an inadequate representative of the persons she purports to represent.

### TWENTY-FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

16  The purported claims for relief alleged by Plaintiff on behalf of herself and those she

17  purports to represent are not appropriate for class or representative treatment because individual

18  questions predominate.

### TWENTY-SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

20  The purported claims for relief alleged by Plaintiff on behalf of herself and those she

21  purports to represent are not appropriate for class or representative treatment because the claims

22  are unmanageable.

### TWENTY-SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

24  Plaintiff and those persons she purports to represent are not entitled to any penalty award

25  under the California Labor Code to the extent such penalties are unjust, arbitrary, oppressive,

26  confiscatory and/or are disproportionate to any damage or loss incurred as a result of Defendant's

27  conduct, and/or are unconstitutional under the U.S. Constitution and Article I, Section VII of the

28  California Constitution.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1022503.1

- 4 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. D – Page 31

## TWENTY-EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

Defendant currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available.  Defendant therefore reserves the right to assert additional affirmative defenses in the event that investigation and discovery indicate that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff's Complaint and all claims and causes of action therein be dismissed with prejudice;

2.      That Plaintiff take nothing by this action;

3.      That judgment be entered against Plaintiff and in favor of Defendant;

4.      That Defendant be awarded its costs incurred in this action, including reasonable attorneys' fees; and

5.      That this Court grant Defendant such other and further legal or equitable relief as the Court deems just and proper.

Dated: August 24, 2011                    **ARENT FOX LLP**

By: _____

HARRY I. JOHNSON, III
Attorneys for Defendants
WALT DISNEY PARKS AND RESORTS U.S.,
INC. and THE WALT DISNEY COMPANY

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1022503.1

- 5 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. D – Page 32

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*
Orange County Superior Court,
Case No. 30-2011-00485045-CU-OE-CXC

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### WALT DISNEY PARKS AND RESORTS U.S., INC.'S
### ANSWER TO CLASS ACTION COMPLAINT

☐ (BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐ (BY E-MAIL) On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2011, in Los Angeles, California.

_____
Eva Angelina Rubio

PROOF OF SERVICE

TECH/1024827.1

Ex. D – Page 33

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*
Orange County Superior Court,
Case No. 30-2011-00485045-CU-OE-CXC

## SERVICE LIST

Christopher J. Hamner, Esq.                    Attorneys for Plaintiff
Benjamin Cohen, Esq.                           KOREN RODRIGUEZ
Thu-Huong Duong, Esq.
HAMNER LAW OFFICES, LP
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013

Tel: (213) 533-4160
Fax: (213) 533-4167

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

PROOF OF SERVICE

TECH/1024827.1

Ex. D – Page 34

**EXHIBIT E**

1 HARRY I. JOHNSON, III  (SBN 200257)
  RUTH HOLT  (SBN 223152)
2 STANLEY G. STRINGFELLOW, II  (SBN 259047)
  **ARENT FOX LLP**
3 555 West Fifth Street, 48th Floor
  Los Angeles, CA  90013-1065
4 Telephone: 213.629.7400
  Facsimile: 213.629.7401
5 Email:  johnson.harry@arentfox.com

6 Attorneys for Defendants
  WALT DISNEY PARKS AND RESORTS U.S.,
7 INC. and THE WALT DISNEY COMPANY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/24/2011 at 01:02:00 PM
Clerk of the Superior Court
By Jaime Cordero,Deputy Clerk

8

9    SUPERIOR COURT OF THE STATE OF CALIFORNIA

        COUNTY OF ORANGE

10

11

| | |
|---|---|
| KOREN RODRIGUEZ, on behalf of herself and all others similarly situated, | CASE NO.  30-2011-00485045-CU-OE-CXC |
| Plaintiff, | Assigned for all purposes to: Hon. Kim G. Dunning |
| v. | **THE WALT DISNEY COMPANY'S ANSWER TO CLASS ACTION COMPLAINT** |
| WALT DISNEY PARKS AND RESORTS U.S., INC. a Florida corporation; THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 50, | Complaint Filed:  June 17, 2011 |
| Defendants. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024308.1    ANSWER TO CLASS ACTION COMPLAINT
       Ex. E - Page 35

1      Defendant The Walt Disney Company ("Defendant") submits the following Answer to

2  Plaintiff Koren Rodriguez's ("Plaintiff") unverified Class Action Complaint ("Complaint").

3                   **GENERAL DENIAL**

4      Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

5  Defendant generally denies each and all of the allegations of the Complaint, and every purported

6  cause of action alleged therein.  Defendant further denies that Plaintiff or any of the putative class

7  members have suffered any damages or injuries whatsoever as a result of Defendant's conduct.

8           **SEPARATE AND AFFIRMATIVE DEFENSES**

9      By way of separate and affirmative defenses to the Complaint, and each and every cause

10  of action alleged by Plaintiff therein, Defendant alleges as follows.  By alleging the defenses

11  below, Defendant in no way agrees or concedes that it bears the burden of proof or persuasion on

12  any of these issues:

13         **FIRST SEPARATE OR AFFIRMATIVE DEFENSE**

14      The Complaint and each and every purported cause of action contained therein fails to

15  state facts sufficient to constitute any cause of action against Defendant.

16        **SECOND SEPARATE OR AFFIRMATIVE DEFENSE**

17      Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable

18  statutes of limitations, including, without limitation, California Code of Civil Procedure sections

19  338(a) and 340.

20         **THIRD SEPARATE OR AFFIRMATIVE DEFENSE**

21      Plaintiff's Complaint, and each and every cause of action alleged therein, are barred

22  because Plaintiff did not timely exhaust the administrative prerequisites to filing such claims

23  and/or otherwise failed to comply with all the statutory prerequisites to bring such claims.  *E.g.*,

24  Cal. Lab. Code §§ 2699, 2699.3, 2699.5.

25         **FOURTH SEPARATE OR AFFIRMATIVE DEFENSE**

26      Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by

27  the doctrine of estoppel.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024308.1

- 1 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. E– Page 36

### FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of waiver.

### SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of laches.

### SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of unclean hands.

### EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue the claims and causes of action asserted in the Complaint, on behalf of herself or others.

### NINTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims for penalties are foreclosed by virtue of Defendant's good faith, reasonable belief that it was acting in accordance with the law and that it was not in violation of any California or federal law.

### TENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims for penalties are foreclosed because the alleged conduct of which Plaintiff complains, if committed, was not willful or malicious, but rather, was done in good faith, honestly, and in the exercise of Defendant's good faith business judgment.

### ELEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by the doctrine of avoidable consequences.

### TWELFTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of consent.

### THIRTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of accord and satisfaction.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024308.1

- 2 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. E – Page 37

## FOURTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of res judicata.

## FIFTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of collateral estoppel.

## SIXTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or those she purports to represent are entitled to damages or penalties, Defendant is entitled to a set-off for damage to Defendant by their wrongful acts and breaches of contract and duty, or for any payments, compensation or other benefit paid to or received by them from any source.

## SEVENTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

As to all of Plaintiff's claims and causes of action, a class or representative action would violate Defendant's rights to due process, including but not limited to the Due Process Clause of the Fifth Amendment, and Section 1 of the Fourteenth Amendment of the U.S. Constitution and the Due Process Clause of Section 1 of Article I of the California Constitution, by depriving Defendant of its right to trial by jury as to the individual claims of the putative class of "aggrieved employees".

## EIGHTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, are barred to the extent that Plaintiff, or any person she purports to represent, is covered by any settlement agreement and/or release related to any claim asserted in this action.

## NINETEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, are barred by the doctrine of unjust enrichment.

## TWENTIETH SEPARATE OR AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or those persons she purports to represent have agreed to arbitrate the claims alleged in the Complaint, the Complaint violates that agreement and should be

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024308.1

- 3 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. E – Page 38

1   dismissed and/or stayed and Plaintiff and/or those persons she seeks to represent should be

2   compelled to arbitrate those claims.

### TWENTY-FIRST SEPARATE OR AFFIRMATIVE DEFENSE

4   Plaintiff's Complaint, and each and every cause of action alleged therein, are barred to the

5   extent Plaintiff violated Defendant's policies and procedures.

### TWENTY-SECOND SEPARATE OR AFFIRMATIVE DEFENSE

7   Plaintiff's request to bring this matter as a class or representative action should be denied

8   because representative status is inappropriate due to conflicts of interest between Plaintiff and the

9   persons she purports to represent.

### TWENTY-THIRD SEPARATE OR AFFIRMATIVE DEFENSE

11   Plaintiff's request to bring this matter as a class or representative action should be denied

12   because Plaintiff's claims are not typical of the claims of the persons she purports to represent.

### TWENTY-FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

14   Plaintiff is an inadequate representative of the persons she purports to represent.

### TWENTY-FIFTH SEPARATE OR AFFIRMATIVE DEFENSE

16   The purported claims for relief alleged by Plaintiff on behalf of herself and those she

17   purports to represent are not appropriate for class or representative treatment because individual

18   questions predominate.

### TWENTY-SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

20   The purported claims for relief alleged by Plaintiff on behalf of herself and those she

21   purports to represent are not appropriate for class or representative treatment because the claims

22   are unmanageable.

### TWENTY-SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

24   Plaintiff and those persons she purports to represent are not entitled to any penalty award

25   under the California Labor Code to the extent such penalties are unjust, arbitrary, oppressive,

26   confiscatory and/or are disproportionate to any damage or loss incurred as a result of Defendant's

27   conduct, and/or are unconstitutional under the U.S. Constitution and Article I, Section VII of the

28   California Constitution.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024308.1

- 4 -

ANSWER TO CLASS ACTION COMPLAINT

Ex. E – Page 39

1  **TWENTY-EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE**

2      Defendant The Walt Disney Company is not a proper party to this action because it never

3  employed any individual by the name of Koren Rodriguez at the Disneyland Resort, never

4  employed any cashiers or clerks at the Disneyland Resort, and did not own or operate the

5  Disneyland Resort at any time relevant to this action.

6  **TWENTY-NINTH SEPARATE OR AFFIRMATIVE DEFENSE**

7      Defendant currently has insufficient information upon which to form a belief as to

8  whether it has additional affirmative defenses available.  Defendant therefore reserves the right to

9  assert additional affirmative defenses in the event that investigation and discovery indicate that

10  they would be appropriate.

11

12      WHEREFORE, Defendant prays for judgment as follows:

13      1.    That Plaintiff's Complaint and all claims and causes of action therein be dismissed

14  with prejudice;

15      2.    That Plaintiff take nothing by this action;

16      3.    That judgment be entered against Plaintiff and in favor of Defendant;

17      4.    That Defendant be awarded its costs incurred in this action, including reasonable

18  attorneys' fees; and

19      5.    That this Court grant Defendant such other and further legal or equitable relief as

20  the Court deems just and proper.

21

22  Dated: August 24, 2011        **ARENT FOX LLP**

23

24          By: _____

25          HARRY I. JOHNSON, III
        Attorneys for Defendants
        WALT DISNEY PARKS AND RESORTS U.S.,
        INC. and THE WALT DISNEY COMPANY

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*
Orange County Superior Court,
Case No. 30-2011-00485045-CU-OE-CXC

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**THE WALT DISNEY COMPANY'S**
**ANSWER TO CLASS ACTION COMPLAINT**

☐ (BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐ (BY E-MAIL) On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2011, in Los Angeles, California.

_____
Eva Angelina Rubio

PROOF OF SERVICE

TECH/1024827.1

1    *Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*
          Orange County Superior Court,
2        Case No. 30-2011-00485045-CU-OE-CXC

3

4                        **SERVICE LIST**

5

6    Christopher J. Hamner, Esq.            Attorneys for Plaintiff
     Benjamin Cohen, Esq.                  KOREN RODRIGUEZ
7    Thu-Huong Duong, Esq.
     HAMNER LAW OFFICES, LP
8    555 West Fifth Street, 31st Floor
     Los Angeles, CA  90013
9

10   Tel: (213) 533-4160
     Fax: (213) 533-4167
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1024827.1

                              - 2 -

                        PROOF OF SERVICE

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT

☐ (BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐ (BY E-MAIL) On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 25, 2011, in Los Angeles, California.

_____
Eva Angelina Rubio

---

PROOF OF SERVICE

1    *Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*

2

3                          **SERVICE LIST**

4

5    Christopher J. Hamner, Esq.            Attorneys for Plaintiff
6    Benjamin Cohen, Esq.                   KOREN RODRIGUEZ
     Thu-Huong Duong, Esq.
7    HAMNER LAW OFFICES, LP
     555 West Fifth Street, 31st Floor
8    Los Angeles, CA  90013

9
     Tel: (213) 533-4160
10   Fax: (213) 533-4167

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 2 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1276 CJC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> KOREN RODRIGUEZ, on behalf of herself and all others similarly situated | **DEFENDANTS** <br> WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation; THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Christopher J. Hamner, Esq. (SBN 197117) <br> HAMNER LAW OFFICES, LP <br> 555 West Fifth Street, 31st Floor <br> Los Angeles, CA 90013-1065 <br> Telephone: (213) 533-4160 | Attorneys (If Known) <br> Harry I. Johnson, III, Esq. (SBN 200257) <br> ARENT FOX LLP <br> 555 West Fifth Street, 48th Floor <br> Los Angeles, CA 90013-1065 <br> Telephone: (213) 629-7400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** Over $5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Cal. Labor Code §§ 1198, 2698 et seq., Failure to Provide Suitable Seating - 28 U.S.C. §§ 1332, 1441, and 1453 (Class Action Fairness Act).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV11-01276**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)       CIVIL COVER SHEET       Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The Walt Disney Company (Fraudulently Joined Defendant): Los Angeles County | Walt Disney Parks and Resorts (Proper Defendant): State of Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  August 25, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*

## **PROOF OF SERVICE**

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### **CIVIL COVER SHEET**

☐   (BY FAX)  I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date.  A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☐   (BY E-MAIL)  On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒   (BY MAIL)  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐   (BY PERSONAL SERVICE)  On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

☐   (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 25, 2011, in Los Angeles, California.

Eva Angelina Rubio

PROOF OF SERVICE

*Koren Rodriguez v. Walt Disney Parks and Resorts U.S., Inc., et al.*

## SERVICE LIST

| | |
|---|---|
| Christopher J. Hamner, Esq.<br>Benjamin Cohen, Esq.<br>Thu-Huong Duong, Esq.<br>HAMNER LAW OFFICES, LP<br>555 West Fifth Street, 31st Floor<br>Los Angeles, CA  90013<br><br>Tel: (213) 533-4160<br>Fax: (213) 533-4167 | Attorneys for Plaintiff<br>KOREN RODRIGUEZ |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

TECH/1024827.1